BOARD OF EDUCATION OF the MAR-
SHALLTON–McKEAN SCHOOL DIS-
TRICT, Defendant-Below, Appellant,

v.

Thomas A. SINCLAIR, Plaintiff-Below,
Appellee.

Supreme Court of Delaware.

Submitted Sept. 22, 1976.

Decided April 20, 1977.

Regina M. Small, Deputy Atty. Gen., Wil-
mington, for defendant below, appellant.

Sheldon N. Sandler of Bader, Dorsey &
Kreshtool, Wilmington, for plaintiff below,
appellee.

Nicholas H. Rodriguez of Schmittinger &
Rodriguez, Dover, amicus curiae.

Before HERRMANN, C. J., and DUFFY
and McNEILLY, JJ.

HERRMANN, Chief Justice:

This appeal requires the construction of
the final sentence of 14 *Del.C.* § 1318(f),
governing certain authorized absences of

teachers and other public school employees without loss of pay.[1]

## I.

The plaintiff is a teacher employed by the defendant Marshallton-McKean Board of Education. On September 5, 1974, a state-wide "job action", amounting to an illegal teacher's strike, occurred in Delaware. See *State v. Delaware State Educ. Ass'n.,* Del. Ch., 326 A.2d 868 (1974). There was a 51.9% rate of absenteeism among school employees on that day; the schools in 16 districts, including the defendant District, were forced to close.

The plaintiff was absent without leave for the purpose of participating in the illegal "job action". The Board withheld his salary for the day, relying on 14 *Del.C.* § 1320 which provides that public school employees shall not be paid for days of unexcused absence.[2]

In this action for breach of contract of employment, the plaintiff claimed that he had an unrestricted right under the last sentence of 14 *Del.C.* § 1318(f)(10) to take one day of paid leave each year for any "personal reason" at all, including participation in an illegal strike. The Superior Court concluded that the "approval language" of § 1318(f) is ambiguous in the light of the legislative history of the Statute.[3] It held that the development of the present Statute leads to the conclusion that the chief school officer has been deprived of any meaningful discretion in the approval process, stating:

"The pattern in the amendments is clearly demonstrative of a legislative attempt to form a system for excused absences which was less dependent upon individual school officials and more uniform throughout the public school system. It would be inconsistent with this pattern to hold, as defendant urges, that the legislature intended that the chief school officer retain the authority to disapprove any absence, even though for a reason listed in § 1318(f). A more reasonable interpretation is that the only discretion left in the chief school officer is the power to disapprove an absence which he finds is not for one of the enumerated reasons. As long as an absence is taken for one of these reasons, the absence 'must be approved' by the chief school officer. If the result or consequence of the current state of the law is unacceptable then recourse must be had to further legislative action."

We must disagree.

## II.

■ Although the "approval language" of § 1318(f) seems clear and unambiguous on its face, we shall assume *arguendo* the

---

1. 14 *Del.C.* § 1318(f) provides:

"(f) An employee may be absent without loss of pay no more than 3 days per fiscal year with not more than 1 day being used for any 1 of the following reasons:

"(1) To attend the graduation exercises of a member of the immediate family defined as father, mother, brother, sister, son, daughter, husband, wife, parent-in-law or any relative who resides in the same household;

"(2) To attend all courts pursuant to a subpoena where the employee is not a party to the proceeding;

"(3) To be given a physical examination for selective service purposes;

"(4) Marriage of the employee;

"(5) To attend the settlement of the estate of a member of the immediate family;

"(6) To attend the settlement for sale or purchase of a home;

"(7) An automobile accident when the employee is involved;

"(8) The moving of the employee's homestead;

"(9) The death of a close friend of the employee;

"(10) Personal reason of the employee.

"*Such absences must be approved by the chief school officer and shall be included in the sick leave of the employee.*" (Emphasis added.)

2. 14 *Del.C.* § 1320 provides:

"§ 1320. Deduction for unexcused absence.

"For each day's absence for reasons other than those permitted under § 1318 of this title, there shall be deducted $1/185$ths of the annual salary of the employee who is employed for 10 months; $1/204$ths for the employee who is employed for 11 months; and $1/222$nds for the employee who is employed for 12 months, for each day of unexcused absence."

3. 56 *Del.L.* Ch. 39 (1967); 58 *Del.L.* Ch. 306 (1971); 58 *Del.L.* Ch. 549 (1972).

need for statutory construction in the light of its evolution.

The legislative history of § 1318(f), when read in its context with other portions of 14 *Del.C.* Ch. 13 ("Salaries and Working Conditions of School Employees"), leads to the conclusion that school officials have authority to exercise reasonable discretion in the approval of absences taken for reason (10) "Personal reason of the employee"—sometimes called the "wild-card" absence.[4]

When initially enacted in 1967 as 56 *Del.L.* Ch. 39,[5] the Statute under consideration provided:

> "In case of absence in order to attend graduation, special recognition services, court pursuant to subpoena where the employee is not a party to the proceeding, physical examination for Selective Service purposes, or for some other, nonrecurring reason, pre-approved by the Chief School Officer, there shall be no loss of pay unless absences for such reasons shall exceed 3 calendar days in any year; and the Chief School Officer, in his discretion, may approve such absences in excess of 3 calendar days without loss of pay. The days lost due to any such absences are to be charged against the employee's sick leave."

The relevant portions of the 1967 Statute were the requirements for pre-approval of the specified absences, the chief school officer's discretionary power of approval for absences in excess of the authorized 3 days, and the provision that all such absences are chargeable against sick leave. These were the only types of absences with pay in the statutory scheme of things requiring any type of approval.

It is reasonable to assume that the General Assembly would not have required these absences to be "pre-approved" if they were to have the same status as other paid absences covered by other subsections of the Statute. Clearly, the approval provision was intended at the outset as a restriction upon the leave absences specified in the 1967 enactment.

The question then becomes whether subsequent amendments removed that restrictive requirement of approval. We think not. In 1971, the General Assembly restructured the absences authorized by the 1967 Statute. In addition to listing the first nine specific reasons now contained in § 1318(f), the 1971 amendment (58 *Del.L.* Ch. 306) provided:

> "An employee may be absent without loss of pay no more than one day per fiscal year for any one of the following reasons: . . . Such absences must be approved by the chief school officer and shall be included in the sick leave of the employee."

In 1972, § 1318(f) was further amended to restore the three-day maximum, limiting one day to any one of the enumerated reasons, and adding the "(10) Personal reason of the employee" provision here under scrutiny. 58 *Del.L.* Ch. 549. This most recent amendment retained the "approval" requirement. The only discretionary power omitted from the 1971 and 1972 amendments was the requirement of pre-approval and the discretion of the chief school officer to permit an employee more than three days leave.

We find nothing in the statutory background or context of § 1318(f) requiring the conclusion that as to Reason (10), the "approval" provision was intended to mean any discretionary authority less than its clear language expresses.

### III.

Logic and practicality support the conclusion we reach. School boards are responsible for the administration and supervision

---

4. We limit this decision to Reason (10), none of the other Reasons of § 1318(f) being involved in *this* case.

5. Prior to 1967, the types of absences enumerated in 56 *Del.L.* Ch. 39 were uncompensated. Other types of leave without loss of pay, however, were previously authorized sick leave, § 1318(a); death in the immediate family and of near relatives, § 1318(b) and (d); critical illness in the immediate family, § 1318(c); observance of recognized religious holidays, § 1318(e).

of the public school system within their jurisdiction; they are empowered to prescribe rules and regulations for the conduct and management of their schools. 14 *Del.C.* §§ 1043, 1049(1). Public school teachers are prohibited from striking. 14 *Del.C.* § 4011(c). If § 1318(f)(10) conferred upon every public school teacher the right to one day's "wild card" absence with pay, without restriction whatsoever, the authority of school boards to administer the public school system would be seriously undermined. It is unreasonable, in our judgment, to assume that the General Assembly intended such result. To conclude otherwise would be to mandate approval of a day's absence by a teacher or other school employee, without loss of pay, for the "personal reason" of committing an unlawful act, such as an illegal strike, or even a criminal offense. That in our judgment, could not have been the legislative intent.

\* \* \*

■ We hold that the defendant School Board had the authority under § 1318(f)(10) to disapprove the absence of the plaintiff on the day in question; and that it acted within its statutory authority in withholding salary payment for the day.

Reversed.